# EXHIBIT D

Includes all amendments through February 4, 1998

# BY LAWS OF
# SAN MIGUEL ELECTRIC COOPERATIVE, INC.

## ARTICLE I
## MEMBERS AND MEMBERSHIP

SECTION 1.  QUALIFICATIONS AND OBLIGATIONS
The following corporations organized under the Texas Electric Cooperative Corporation Act ("electric cooperatives") shall be eligible for membership in San Miguel Electric Cooperative, Inc. ("the cooperative");

    Brazos Electric Power Cooperative, Inc. ("Brazos");

    Electric cooperatives that are members of Brazos
      ("Brazos Member Cooperatives");

    South Texas Electric Cooperative, Inc. ("STEC");

    Electric cooperatives that are members of STEC
      ("STEC Member Cooperatives"); and

    Medina Electric Cooperative, Inc. ("MEC").

Those eligible shall become Members of the Cooperative by executing and filing with the Cooperative an "Acceptance of Membership" on substantially the following form:

"Agreeing to be contractually bound by all provisions of the Articles of Incorporation and the bylaws of San Miguel Electric Cooperative, Inc., the undersigned hereby accepts membership in said Cooperative."

                            (Signed)

                            _____

Such acceptance of membership shall be accompanied by a certified copy of a resolution of the Board of Directors of the member authorizing the acceptance of membership.

Each Director shall automatically be also a Member of the Cooperative, but his membership shall cease when he shall cease to be a Director.

SECTION 2.   MEMBERSHIP FEE
The membership fee shall be fixed by resolution of the Board of Directors.

SECTION 3.   NON-LIABILITY FOR DEBTS OF THE COOPERATIVE
The property of the Members of the Cooperative shall be exempt from execution for the debts of the Cooperative and no Member shall be liable or responsible for any debts or liabilities of the  Cooperative.

SECTION 4.   WITHDRAWAL OF MEMBERSHIP
Any Member may, by giving not less than six months written notice of its intention so to do, voluntarily withdraw from membership in the Cooperative on payment in full of all its debts and obligations to the Cooperative and on compliance with and performance of all contracts of such Member with the Cooperative.

SECTION 5.   TRANSFER OF MEMBERSHIP
Membership in the Cooperative and certificates representing such membership shall not be transferred, except that membership may be vested in a corporate successor to a Member corporation provided the successor is eligible for membership and pays such membership fee, if any, as shall be determined by resolution of the Board of Directors. Upon the cessation of existence, expulsion or withdrawal of a Member, the membership of such Member shall terminate, and the certificate of membership of such Member shall be surrendered forthwith to the Cooperative.

SECTION 6.   EXPULSION OF MEMBERS
The Board of Directors of the Cooperative may, by the affirmative vote of not less than two-thirds of the members thereof, expel any Member who shall have violated or refused to comply with any of the provisions of the articles of incorporation of the Cooperative or these Bylaws or any rules or regulations adopted from time to time by the Board of Directors. Any Member so expelled may be reinstated as a Member by a vote of the Members at any annual or special meeting of the Members.  The action of the Members with respect to any such reinstatement shall be final.

SECTION 7.   EFFECT OF TERMINATION OF MEMBERSHIP
In case of withdrawal or termination of membership in any manner, the Cooperative shall repay to the Member the amount of the membership fee paid by it, provided, however, that the Cooperative shall deduct from the amount of the membership fee the amount of any debts or obligations owing from the Member to the Cooperative.

Any such return of membership fees to the member Cooperative on termination of membership will not be considered as payment in lieu of, or result in forfeiture of, a member's capital in, the Cooperative.

SECTION 8.   ASSOCIATE MEMBERS
Any person, association or corporation with whom the Cooperative has or may hereafter have contracts or agreements relating to the pooling of power, interchange of power, or supply  or transmission of power to or for the Cooperative, and any electric cooperative corporation may become an Associate Member upon approval by the Board of Directors. The Board of Directors may provide for such terms, fees, dues and obligations of

Associate Membership as it may choose, provided an Associate Member shall not be entitled to vote on the affairs of the Cooperative or serve as a member of the Board of Directors.

## ARTICLE II
## MEETINGS OF MEMBERS

SECTION 1.   ANNUAL MEETING
The Annual Meeting of he Members shall be held on such date as the Board of Directors may provide by resolution.  The purpose of the Annual Meeting shall be the election of directors, passing upon reports covering the previous fiscal year, and transacting such other business as may come before the meeting.  If the election of Directors shall not be held on the day set by the Board of Directors for any annual meeting, or any adjournment thereof, the Board of Directors shall cause the election to be held at a special meeting of the Members as soon thereafter as conveniently may be.  Failure to hold the annual meeting at the designated time shall not work a forfeiture or dissolution of the Cooperative.

SECTION 2.   SPECIAL MEETINGS
Special meeting of the Members may be called by the president, by the Board of Directors, or by at least ten per centum (10%) of all the Members and it shall thereupon be the duty of the Secretary to cause notice of such meeting to be given as hereinafter provided.  Special meetings of the Members may be held at any place within the State of Texas specified in the notice of the special meeting.

SECTION 3.   PLACE AND NOTICE OF MEMBERS' MEETING
The Annual Meeting of the Members shall be held at the place within the State of Texas the Board of Directors may provide by resolution.

Written or printed notice stating the place, day and hour of the meeting and, in case of a special meeting, the purpose or purposes for which the meeting is called, shall be delivered to each Member not less than 10 days nor more than 30 days before the date of the meeting, either personally or by mail, by or at the direction of the secretary of the persons calling the meeting.  If mailed, such notice shall be deemed to be delivered when deposited in the United States mail, in a sealed envelope, addressed to the member at its address as it appears on the records of the Cooperative, with postage thereon prepaid. The failure of any member to receive notice of an annual or special meeting of the members shall not invalidate any action which may be taken by the members at any such meeting.

SECTION 4.   QUORUM
The presence of individual members and representatives of corporate Members, selected as provided in Section 5 of this Article II, representing at least one-half of the total number of the Members of the Cooperative, shall constitute a quorum for the transaction of business at all meetings of the members, provided, that if less than one-half of the total

number of Members are represented at any such meeting, a majority of the said Members present may adjourn the meeting from time to time without further notice.

SECTION 5.   VOTING

Except as expressly provided otherwise by these Bylaws, these rules shall govern voting in meetings by Members.  Each Member shall be entitled to one vote and no more upon each matter submitted to a vote at a meeting of the Members.  At all meetings of the Members at which a quorum is present, all questions shall be decided by a vote of the majority of the Members represented except as otherwise provided by law, the articles of incorporation of the Cooperative or by the Bylaws.  The vote of each corporate Member shall be cast only by its duly authorized representative, but if the representative so appointed shall be removed, then the alternate representative of such Member may represent and cast the vote of such Member.  Each corporate Member shall file with the secretary of the Cooperative an instrument in writing executed by the president or vice-president and secretary of such Member under its corporate seal, stating the names of its representative and alternate representative and the dates of expiration of their respective terms of such member, and certify that such representative and alternate have been appointed in accordance with he resolution duly adopted by its Board of Directors.  Each corporate member may at any time by resolution of its Board of Directors terminate the appointment of its representative or alternate, and it shall thereupon notify the Cooperative of such action by an instrument in writing executed by its president or vice-president and secretary under its corporate seal.  At all meetings of the Cooperative, each corporate Member shall be entitled to have both a representative and an alternate representative present.  If a corporate Member has no duly qualified representative or alternate, the president of such Member may represent and cast the vote of such Member provided, however, that before representing and casting the vote of any such member at any meeting, he shall file with the secretary of the Cooperative an instrument in writing executed by the secretary of such Member under its corporate seal certifying that he is the president of such Member.  The representative or alternate or president of each corporate member shall be deemed authorized to vote as he sees fit on all matters submitted to a vote of the Members of the Cooperative unless such Member shall, by an instrument in writing executed by its president and secretary under its corporate seal pursuant to a resolution duly adopted by its Board of Directors, specifically limit the voting power of such representative or alternate or president.  Nothing contained in this section shall be construed to grant to any Member more than one vote or to affect in any manner whatsoever the validity of any action taken at the meeting of the Members.  No Member shall be entitled to vote by mail, but may vote by proxy.  It is provided, however, that a single individual may be proxy only for a Member Cooperative of which he is a member or employee or for another Member or employee of the same Member Cooperative.

SECTION 6.   ORDER OF BUSINESS

The order of business at the annual meeting of the Members, and so far as possible at all other meetings of the members, shall be essentially as follows:

1. Ascertaining that a quorum is present.
2. Reading of the notice of the meeting and proof of the due publications or mailing thereof, or the waiver or waivers of  notice of the meeting, as the case may be.

3.  Reading of unapproved minutes of previous meetings of the members and the taking of necessary action thereon.
4.  Presentation and consideration of, and acting upon, reports of officers, directors and committees.
5.  Election of directors.
6.  Unfinished business.
7.  New business.
8.  Adjournment.

SECTION 7.   MEETINGS WHILE INCORPORATORS ARE MEMBERS
The provisions of these Bylaws shall apply so far as possible to all meetings of the Members held while the incorporators remain members, taking into consideration the fact that the incorporators may be present in their individual capacities as Members and not as representatives of corporate Members.

## ARTICLE III
## DIRECTORS

SECTION 1.  NUMBER AND GENERAL POWERS
The business and affairs of the Cooperative shall be managed by a Board of Directors, which shall exercise all of the power of the Cooperative except as are otherwise provided by law or by the articles of incorporation of the Cooperative or by the Bylaws.

SECTION 2.   QUALIFICATIONS AND TENURE
The persons named as Directors in the articles of incorporation shall continue in office until the first annual meeting of the members, or until their successors shall have been elected and shall have qualified.  At each annual meeting of the Members beginning in the year 1977, each member Cooperative shall be entitled to nominate one individual; all such nominees shall be unanimously elected to serve until the next annual meeting of the Members or until their successors shall have been elected and shall have qualified.

SECTION 3.   VACANCIES
If a vacancy should occur on the Board of Directors, whether by death, removal, resignation or disqualification of a director, the Member Cooperative which nominated that director may nominate a successor, and that nominee shall be elected by the Board of Directors of the Cooperative to succeed to the position.  If a member cooperative fails to nominate a director prior to the next board meeting after the vacancy occurs, then the Board of Directors shall fill such vacancy from such cooperative by a majority vote of such board and any director thus elected shall serve until the next annual meeting of the members or until his successor shall have been elected and shall have qualified.

SECTION 4.  REMOVAL OF DIRECTORS BY THE COOPERATIVE
Any Member may bring charges against an officer or Director by filing them in writing with the secretary, together with a petition signed by ten per centum (10%) of the Members, requesting the removal for good cause of the officer or Director in question.

The removal shall be voted upon at the next regular or special meeting of the members. The Director or officer against whom such charges have been brought shall be informed in writing of the charges previous to the meeting and shall have an opportunity at the meeting to be heard in person or by counsel and to present evidence; and the person or persons bringing the charges against him shall have the same opportunity.

SECTION 5.   REMOVAL OF DIRECTORS BY CORPORATE MEMBERS
Any Director nominated by a corporate member may be removed by:

(a)     A majority vote of the Members of such Member voting thereon at a meeting of the Members thereof; or
(b)     A vote of two-thirds of all the Directors of such corporate member acting at a meeting of the Directors thereof;  the notice of which shall specify as one of the purposes of such meeting the consideration of the removal of such Director of the Cooperative.

SECTION 6.   COMPENSATION OF DIRECTORS
Directors shall receive such fees and travel expense reimbursements or allowances for attending Cooperative Board and other meetings as are established by Board Policy.

SECTION 7.   RULES AND REGULATIONS
The Board of Directors shall have power to make and adopt such rules and regulations, not inconsistent with law, the articles of incorporation of the Cooperative or these Bylaws, as it may deem advisable for the management, administration and regulation of the business and affairs of the Cooperative.

SECTION 8.   ACCOUNTING SYSTEM AND REPORTS
The Board of Directors shall cause to be established and maintained a complete accounting system which, among other things, subject to applicable laws and rules and regulations of any regulatory body, shall conform to such accounting system as may from time to time be designated by the Administrator of the Rural Electrification Administration of the United States of America.  All accounts of the Cooperative shall be examined by a committee of the Board of Directors which shall render reports as directed by the Board, but not less often than annually.  The Board of Directors shall also , after the close of each fiscal year, cause to be made a full and complete audit of the accounts, books and financial conditions of the Cooperative as of the end of such fiscal year.  Such audit report shall be submitted to the Members at the following annual meeting.

## ARTICLE IV
## MEETINGS OF DIRECTORS

SECTION 1.   REGULAR MEETINGS
A regular meeting of the Board of Directors shall be held without notice other than this Bylaw, immediately after, and at the same place as, the annual meeting of the Members.

Regular meetings of the Board of Directors shall also be held at such time and place as the Board of Directors may provide by resolution.

SECTION 2.   SPECIAL MEETINGS
Special meetings of the Board of Directors may be called by the president or any five Directors.  The person or persons authorized to call special meetings of the Board of Directors may fix the time and place for the holding of any special meeting of the Board of Directors called by them.

SECTION 3.   PRESENCE OF PERSONS OTHER THAN DIRECTORS
At all regular and special meetings of the Board of Directors, the duly authorized representatives or alternate representatives or, in their absence, the presidents of the corporate Members shall be entitled to be present and have a voice in the proceedings provided, however, that only the Directors of the Cooperative shall be entitled to vote.

SECTION 4.   NOTICE
Notice of the time, place and purpose of any regular or special meeting of the Board of Directors shall be given at least three days previous thereto, by written notice, delivered personally or mailed, to each Director and to each individual Member at his last known address and to each corporate Member at its principal place of business.  If mailed, such notice shall be deemed to be delivered when deposited in the United States mail so addressed, with postage thereon prepaid.  The attendance of a Director at any meeting shall constitute a waiver of notice of such meeting, except in case a Director shall attend a meeting only for the express purpose of objecting to the transaction of any business because the meeting shall not have been lawfully called or convened.

SECTION 5.   QUORUM
A  majority of the Board of Directors shall constitute a quorum for the transaction of business at any meeting of the Board of Directors, provided, that if less than a majority of the Directors are present at said meeting, a majority of the Directors present may adjourn the meeting from time to time without further notice.

SECTION 6.   MANNER OF ACTING
The act of the majority of the Directors present at a meeting at which a quorum is present shall be the act of the Board of Directors.

ARTICLE V
COMMITTEES

SECTION 1.   EXECUTIVE OR OTHER COMMITTEES
The Board of Directors may by resolution adopted by a majority of the while Board establish and designate an Executive Committee or any other committees which it deems necessary or beneficial for the management and operation of the Cooperative.

SECTION 2.   NUMBERS, QUALIFICATION AND TERM

The Executive Committee or any other committee established by the Board shall consist of the number of directors set by the Board provided that the make-up of any such committee shall be of a like proportion of representation to the full Board of Directors consisting of members from the Brazos related Cooperatives and the STEC-Medina related Cooperatives.  The Executive Committee or any other committee shall serve at the pleasure of the Board of Directors.

SECTION 3.   AUTHORITY

Any committee established hereunder by the Board of Directors shall perform such functions of the Board of Directors as shall be delegated to it by the Board.  Actions of such committees shall be subject to amendment or reversal by the Board, but any person relying upon any action of any such committee shall be fully protected regardless of any subsequent amendment or reversal by the Board of Directors.

SECTION 4.   REMOVAL

Any member of a Committee may be removed by the Board of Directors by the affirmative vote of a majority of the whole Board, whenever in its judgment the best interest of the corporation will be served thereby.

SECTION 5.   VACANCIES

A vacancy occurring on a Committee, by death, resignation, removal or otherwise shall be filled by the Board of Directors in the manner provided for as the original designation in Section 1 of this Article and subject to the provisions of Section 2 of this Article.

SECTION 6.   MEETINGS

Committees shall meet only upon three days notice which may be given orally by telephone, by telegraph, or in writing and such meetings shall be held at the time and place specified in the notice of such meeting.  Each committee shall prepare minutes of its meetings and provide a copy to each member of the committee for review and approval; provided, however, the preparation of minutes shall not apply to an executive session of a committee meeting.

SECTION 7.   QUORUM

A majority of the membership of any committee or sub-committee shall constitute a quorum for the transaction of business at any meeting of that committee.  The act of a majority of the committeemen present at a meeting at which a quorum is present shall be the act of the committee.

SECTION 8.   ACTION WITHOUT A MEETING

Any action which could be taken at any meeting of any committee may be taken by a written consent to the action, signed by every member of the committee and distributed among members of the Board of Directors in the same manner as minutes of meetings.

# ARTICLE VI
# OFFICERS

SECTION 1.   NUMBER

The officers of the Cooperative shall be a president, vice-president, secretary and treasurer, and such other officers as may be determined from time to time by the Board of Directors.  The offices of secretary and of treasurer may be held by the same person.

SECTION 2.   ELECTION AND TERM OF OFFICE

The officers shall be elected annually by the Board of Directors at the first meeting of the Board of Directors held after each annual meeting of the Members.  If the election of officers shall not be held at such meeting, such election shall be held as soon thereafter as conveniently may be.  Each officer shall hold office until he first meeting of the Board of Directors following the next succeeding annual meeting of the Members or until his successor shall have been duly elected and shall have qualified.

SECTION 3.   REMOVAL

Any officer of agent elected or appointed by the Board of Directors may be removed by the Board of Directors whenever in its judgment the best interests of the Cooperative would be served thereby.

SECTION 4.   VACANCIES

Except as otherwise provided in these Bylaws, a vacancy in any office may be filled by the Board of Directors for the unexpired portion of the term.

SECTION 5.   PRESIDENT

The president:
a) shall be the principal executive officer of the Cooperative and shall preside at all meetings of the Members and of  the Board of Directors;
b) shall sign, with the secretary, certificates of membership the issue of which shall have been authorized by resolution of the Board of Directors, and may sign any deeds, mortgages, deeds of trust, notes, bonds, contracts or other instruments authorized by the Board of Directors to be executed, except in cases in which the signing and execution thereof shall be expressly delegated by the Board of Directors or by these Bylaws to some other officer or agent of the Cooperative, or shall be required by law to be otherwise signed or executed; and
c) in general shall perform all duties incident to the office of president and such other duties as may be prescribed by the Board of Directors from time to time.

SECTION 6.  VICE-PRESIDENT

In the absence of the president, or in the event of his inability or refusal to act, the vice-president shall perform the duties of the president, and when so acting, shall have all the powers of and be subject to all the restrictions upon the president and shall perform such other duties as from time to time may be assigned to him by the Board of Directors.

SECTION 7.   SECRETARY

The secretary:
a) shall keep the minutes of meetings of the Members and of the Board of Directors in one or more books provided for that purpose;
b) shall see that all notices are duly given in accordance with these Bylaws or as required by law;
c) shall be custodian of the corporate records and of the seal of the Cooperative and see that the seal of the Cooperative is affixed to all certificates of membership prior to the issue thereof and to all documents, the execution of which, on behalf of the Cooperative under its seal, is duly authorized in accordance with the provisions of these Bylaws;
d) shall keep a register of the post office address of each Member which shall be furnished to each individual Member and to the secretary of each corporate Member;
e) shall sign, with the president, certificates of membership, the issue of which shall have been authorized by resolution of the Board of Directors;
f) shall have general charge of the books of the Cooperative in which a record of the Members is kept;
g) shall keep on file at all times a complete copy of the Bylaws of the Cooperative containing all amendments thereto, which copy shall always be open to the inspection of any Member, and at the expense of the Cooperative forward a copy of the Bylaws and of all amendments thereto to each Member; and
h) shall in general, perform all duties incident to the office of secretary and such other duties as from time to time may be assigned to him by the Board of Directors.

SECTION 8.   TREASURER

The treasurer:
a) shall have charge and custody of and be responsible for all funds and securities of the Cooperative;
b) shall receive and give receipts for monies due and payable to the Cooperative from any source whatsoever, and deposit all monies in the name of the Cooperative in such bank or banks as shall be selected in accordance with the provisions of these Bylaws; and,
c) shall in general, perform all the duties incident to the office of treasurer and such other duties as from time to time may be assigned to him by the Board of Directors.

SECTION 9.   GENERAL MANAGER

The Board of Directors shall appoint a General Manager who may be, but shall not be required to be, also a member of the Board of Directors.  The General Manager shall perform such duties as the Board of Directors may from time to time require of him, and shall have such authority as the Board of Directors may from time to time vest in him. Unless especially excused, the General Manager shall attend all meetings of the Board of Directors and shall report on and answer questions concerning the affairs of the Cooperative.

SECTION 10.   BONDS OF OFFICERS

The Board of Directors shall require the treasurer, or any other officer or employee of the Cooperative charged with responsibility for the custody of any of its funds or property, to give bond in such sum and with such surety as the Board of Directors shall determine.

SECTION 11.   REPORTS
The officers of the Cooperative shall submit at each annual meeting of the Members, reports covering the business of the Cooperative for the previous fiscal year and showing the condition of the Cooperative at the close of such fiscal year.

SECTION 12.   RURAL  UTILITIES SERVICE
The Board of Directors, officers and employees of the Cooperative shall comply with the requirements of the Cooperative's mortgage loan agreement with the Rural Utilities Service (formerly Rural Electrification Administration) of the United States Department of Agriculture and with the regulations, policies and procedures issued by the Administrator of the Rural Utilities Service pursuant to such loan agreement and the Rural Electrification Act of 1936 as amended.

SECTION 13.   QUALIFICATIONS OF EMPLOYEES
No person shall be qualified to retain or accept any kind of employment, including the rendering of technical or professional services, who is in any way employed by or financially interested in a competing enterprise or business.

SECTION 14.   PRINCIPAL OFFICE OF COOPERATIVE
The principal office of the Cooperative shall be in Atascosa County, Texas.

SECTION 15.   ACTIVITIES OF THE COOPERATIVE
The activities of the Cooperative shall be limited to the generation of electric power and energy in Atascosa County, Texas, and activities incident thereto, including construction of a generating plant and mining of lignite for fuel for the generating plant.

## ARTICLE VII
## CONTRACTS, CHECKS AND DEPOSITS

SECTION 1.   CONTRACTS
Except as otherwise provided in these Bylaws, the Board of Directors may authorize any officer or officers, agent or agents, employee or employees to enter into any contract or execute and deliver any instrument in the name and on behalf of the Cooperative, and such authority may be general or confined to specific instances.

SECTION 2.   CHECKS, DRAFTS, ETC.
All checks, drafts or other orders for the payment of money, and all notes or other evidences of indebtedness issued in the name of the Cooperative shall be signed by such

officer or officers, agent or agents, or employee or employees of the Cooperative and in such manner as shall from time to time be determined by resolution of the Board of Directors.

SECTION 3.   DEPOSITS
All funds of the Cooperative shall be deposited from time to time to the credit of the Cooperative in such bank or banks as the Board of Directors may select.

SECTION 4.   CONTRACTS WITH MEMBERS
The Cooperative shall not enter into any contract with any Member of the Cooperative, except with the express approval of the Board of Directors.

## ARTICLE VIII
## WAIVER OF NOTICE

Any Member, director, committee member, or officer may waive, in writing, any notice of meetings required to be given by these Bylaws.

## ARTICLE IX
## NON-PROFIT OPERATION

SECTION 1.   INTEREST OF DIVIDENDS ON CAPITAL PROHIBITED
The Cooperative shall at all times be operated on a cooperative non-profit basis for the mutual benefit of its patrons.

SECTION 2.   PATRONAGE CAPITAL
In the furnishing of electric energy, the Cooperative's operations shall be so conducted that all patrons will through their patronage furnish capital for the Cooperative.  In order to induce patronage and to assure that the Cooperative will operate on a non-profit basis the Cooperative is obligated to account on a patronage basis to all its patrons for:  1)   all amounts received and receivable from the furnishing of electric energy in excess of: (a) operating costs and expenses properly chargeable against the furnishing of electric energy and (b) such amount, if any, which the Board of Directors may determine should be instead used to offset any losses incurred during the current or any prior fiscal year and 2)   net non-operating margins, if any, and to the extent approved by the Board of Directors.

All such excess amounts are received by the Cooperative with the understanding that they are furnished by the patrons as capital.  The Cooperative is obligated to pay by credits to a capital account for each patron all such excess amounts.  The books and records of the Cooperative shall be set up and kept in such a manner that at the end of each fiscal year, the amount of capital, if any, so furnished by each patron is clearly reflected and credited in an appropriate record to the capital account of each patron, and the Cooperative shall

within a reasonable time after the close of the fiscal year, notify each patron of the amount of capital so credited to his account. All such amounts credited to the capital account of any patron shall have the same status as though they had been paid to the patron in cash in pursuance of a legal obligation to do so and the patron had then furnished the Cooperative corresponding amounts for capital.

In the event of dissolution or liquidation of the Cooperative, after all outstanding indebtedness of the Cooperative has been paid, notwithstanding any retirement of capital credits, or payment of membership fees, all remaining assets shall be distributed to members and former members in direct proportion to the amount of their patronage with the Cooperative insofar as practicable.

If, at any time prior to dissolution or liquidation, the Board of Directors shall determine that the financial condition of the Cooperative will not be impaired thereby, the capital then credited to patrons' accounts may be retired in full or in part. Any such retirements of capital shall be made in order of priority according to the year in which the capital was furnished and credited, the capital first received by the Cooperative being first retired.

Capital credited to the account of each patron is not assignable except by operation of law, and a member's or former member's rights and interest in the capital of the Cooperative may not be forfeited. Such rights and interests shall be protected by any and all actions of the Board of Directors and their assigns if in their power so to do.

The patrons of the Cooperative, by dealing with the Cooperative, acknowledge that the terms and provisions of the articles of incorporation and Bylaws shall constitute and be a contract between the Cooperative and each patron, and both the Cooperative and the patrons are bound by such contract, as fully as though each patron had individually signed a separate instrument containing such terms and provisions. The provisions of this article of the Bylaws shall be called to the attention of each patron of the Cooperative by an appropriate notice, which shall be mailed to each patron.

## ARTICLE X
## DISPOSITION OF PROPERTY

The Cooperative may not sell, mortgage, lease or otherwise dispose of or encumber any of its property other than:
a) property which in the judgment of the Board of Directors neither is nor will be necessary or useful in operating and maintaining the Cooperative's equipment and facilities; provided, however, that all sales of such property shall not, in any one year, exceed in value ten per centum (10%) of the value of all of the property in the Cooperative;
b) service of all kinds, including electric energy; and
c) personal property acquired for resale;

unless such sale, mortgage, lease, or other disposition or encumbrance is authorized at a meeting of the members by the affirmative vote of at least two-thirds (2/3) of the Members voting thereon at such meeting, and the notice of such proposed sale, mortgage, lease or other disposition of encumbrance shall have been contained in the notice of the meeting; provided, however, that notwithstanding anything herein contained, the Board of Directors, without authorization by the members, shall have full power and authority to borrow money and in connection with such borrowing to authorize the making and issuance of bonds, notes and other evidences of indebtedness and, to secure the payment thereof, to authorize the deeds of trust upon, or the pledging or encumbrances of any or all of the property, assets, rights, privileges, licenses, franchises and permits of the Cooperative, whether acquired or to be acquired, and wherever situated, all upon such terms and conditions as the Board of Directors shall determine.

## ARTICLE XI
## FISCAL YEAR

The fiscal year of the Cooperative shall begin on the first day of January of each year and end on the thirty-first day of December of the same year.

## ARTICLE XII
## SEAL

The corporate seal of the Cooperative shall be in the form of a circle and shall have inscribed thereon the name of the Cooperative and the words "Corporate Seal, Texas".

## ARTICLE XIII
## AMENDMENTS

These Bylaws may be altered amended or repealed by the affirmative vote of not less than two-thirds (2/3) of all of the members of the Board of Directors at any regular or special meeting provided that notice of such meeting shall have contained a copy of the proposed alternation, amendment or repeal, and provided further that notice of such proposed alteration, amendment or repeal is mailed to each Member of the Cooperative at least ten days and not more than sixty days before the meeting at which such alternation, amendment or repeal is to be considered.  After any alteration, amendment or repeal of these Bylaws has been adopted, all Members shall be notified of such action as soon as is conveniently possible.