**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **BRAZOS ELEC. POWER COOP, INC.** | § | |
| | § | |
| **V.** | § | **A-14-CA-893-LY** |
| | § | |
| **SAN MIGUEL ELEC. COOP, INC., at al.** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

      Before the Court are Defendant Rural Utilities Service's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and in the Alternative, Motion to Dismiss for Misjoinder, filed on January 12, 2015 (Dkt. No. 38); Plaintiff Brazos Electric Power Cooperative, Inc.'s Response, filed on January 26, 2015 (Dkt. No. 40); and Defendant Rural Utilities Service's Reply, filed on February 2, 2015 (Dkt. No. 41).

      The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  GENERAL BACKGROUND

      Plaintiff Brazos Electric Power Cooperative, Inc. ("Brazos"), a Texas generation and transmission cooperative corporation with its principal place of business in Waco, Texas, has brought this lawsuit against San Miguel Electric Cooperative, Inc. ("San Miguel"), a Texas generation and transmission cooperative corporation with its principal place of business in Christine, Texas; Rural Utilities Service ("RUS"), a division of the United States Department of Agriculture

(formerly the Rural Electrification Administration); and Intervenor South Texas Electric Cooperative, Inc. ("STEC"), a Texas generation and transmission cooperative corporation with its principal place of business in Victoria, Texas.  This lawsuit concerns the proper construction of contracts that govern the purchase by Brazos and STEC of electric capacity and energy from San Miguel, the owner and operator of an approximately 400 megawatt lignite-fired generating plant and associated mining facility in Christine, Texas (the "Project").  The Project's fundamental purpose is to furnish electric capacity and energy solely to Brazos and Brazos's fellow patron of San Miguel, STEC.

Brazos and STEC formed San Miguel on February 17, 1977 and on June 7, 1978,  in Travis County, Texas, Brazos, STEC, and San Miguel executed three long-term contracts to govern their relationship.  RUS drafted the Contracts, which were subject to approval, and approved, by RUS.  RUS has certain approval rights under the Contracts as the successor in interest to REA, and is named as a third-party beneficiary with the right to enforce the Contracts.  Brazos filed this declaratory judgment action against San Miguel, STEC, and RUS to determine the proper construction of the Contracts, including but not limited to the proper calculation of billing rates when Brazos schedules less energy from its 50% capacity share of the Project than STEC schedules from its 50% capacity share of the Project.  Additionally, Brazos has alleged an anticipatory breach of contract claim against San Miguel for alleged improper setting of rates and improper Article 8 billings.

Defendant RUS moves to dismiss the case pursuant to FED. R. CIV. P. 12(b)(1), arguing that the Court lacks subject matter jurisdiction over it because it is an agency of the United States and is therefore entitled to sovereign immunity from suit.  In the alternative, RUS argues that it is not a necessary party and should be dismissed for misjoinder under FED. R. CIV. P. 21.

2

## II.  STANDARD OF REVIEW

 Federal courts have limited jurisdiction, and therefore, the power to adjudicate claims only when jurisdiction is conferred by statute and the constitution.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case.  *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*  In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

 The court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.  *Ramming*, 281 F.3d at 161.  Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from  prematurely dismissing a case with prejudice." *Id.*

## III.  ANALYSIS

 RUS argues that the Court lacks subject matter jurisdiction over it because as an agency of the United States it possesses sovereign immunity from this lawsuit.  "Sovereign immunity shields the United States from suit absent a consent to be sued that is 'unequivocally expressed.'" *United States v. Bormes*,  —  U.S. — , 133 S.Ct. 12, 16 (2012) (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33–34 (1992)).  The Supreme Court has long held that only Congress can consent to suits against the United States.  *See e.g., Stanley v. Schwalby*, 162 U.S. 255, 269-70 (1896); *State of Kansas v. United States*, 204 U.S. 331, 390 (1907).  Thus, a plaintiff may only sue the United

States or its agencies if a federal statute explicitly provides for a waiver of sovereign immunity. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena,* 518 U.S. 187, 192 (1996) (internal citations omitted). "[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane*, 518 U.S. at 192. The doctrine of sovereign immunity extends to the agencies of the United States, and under certain circumstances government officials. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Simons v. Vinson*, 394 F.2d 732, 736 (5th Cir.), *cert. denied*, 393 U.S. 968 (1968). Because sovereign immunity deprives a court of jurisdiction, it may be raised at any time by any party or by the court *sua sponte*. *Henderson v. Shinseki*, 562 U.S. 428, 131 S.Ct. 1197, 1202 (2011); *Johnston v. United States*, 85 F.3d 217, 218, n. 2 (5th Cir.1996). The only exception to the doctrine of sovereign immunity as applied to the United States or its agencies[1] is that suits against *government officers* under certain circumstances are not barred. *See* Erwin Chemerinsky, FEDERAL JURISDICTION § 9.2.2, at 661 (6th ed. 2012) (discussing exception in detail).

Brazos does not dispute that RUS, a division of the United States Department of Agriculture, is a governmental entity of the United States. *See Alabama Power Co. v. Alabama Elec. Coop., Inc.*, 394 F.2d 672, 677 (5th Cir.) (finding that the REA is an instrumentality of the United States), *cert. denied*, 393 U.S. 1000 (1968). Rather, Brazos argues that RUS is not protected by sovereign immunity because (1) this lawsuit is not "against the sovereign," and (2) even if RUS' sovereign immunity is implicated by the case, Brazos waived it by admitting earlier in this case that jurisdiction exists.

---

[1] In contrast to federal sovereign immunity, state sovereign immunity can be waived by the state consenting to the federal court's jurisdiction. *See College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999). State sovereign immunity is discussed in more detail below.

A.      **Is RUS protected by sovereign immunity?**

Despite expressly naming RUS, a United States entity, as a defendant in this case, Brazos argues that sovereign immunity is not implicated because the suit is not against the sovereign.  In support of this argument, Brazos relies on the Supreme Court's holding in *Dugan v. Rank*, 372 U.S. 609 (1963), in which the Supreme Court addressed whether a lawsuit against *officials* employed by the United States Bureau of Reclamation was in reality a lawsuit against the United States which would be barred by sovereign immunity.  The court stated that the general rule to determine whether a lawsuit against a governmental official is in reality a lawsuit against the United States

> is that a suit is against the sovereign if the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act.

*Id.* at 620 (quoting *Land v. Dollar*, 330 U.S. 731, 738 (1947) and *Larson v. Domestic & Foreign Corp.*, 337 U.S. 682, 704 (1949)) (internal quotations omitted).  Applying that rule, the court in *Dugan* found the suit against the local officials was against the United States and dismissed it on sovereign immunity grounds.

Brazos' reliance on *Dugan* is misplaced.  The "general rule" reiterated in *Dugan* only applies in cases where a plaintiff is attempting to avoid the bar of sovereign immunity by naming a *federal official*—as opposed to a federal agency—as a defendant.  *See* Erwin Chemerinsky, FEDERAL JURISDICTION § 9.2.2, at 661 (6th ed. 2012).  When an action "is against a federal officer, the court at the very least, must analyze the facts of the case and the relief sought by the plaintiff to determine whether the suit is in reality against the individual or against the federal government." 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3655 (3d ed. 2013).  "If the suit is not really against the federal government, the defense of

sovereign immunity does not apply and the action may proceed." *Id.* As the Fifth Circuit has explained:

> The fact that the United States was not named as a defendant does not determine whether it is actually a party to the suit, for it has long been the law that to make such a determination it is necessary to look to the effect of the judgment that may be rendered. For, as stated in *Dugan v. Rank*, 372 U.S. 609 (1963): "The general rule is that a suit is against the sovereign if 'the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be 'to restrain the Government from acting, or to compel it to act."

*Simons v. Vinson,* 394 F.2d 732, 736 (5th Cir. 1968) (internal citations and quotations omitted).

In contrast, "[w]hen [as here] a federal agency is the named defendant in an action, the general rule, which has been applied in numerous judicial decisions, is that the agency may be sued only if Congress has consented to the action, the reason being that the United States is the real party in the interest in the litigation." 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3655 (3d ed. 2013).[2] There is no need to apply the *Dugan* analysis when the United States or one of its agencies are a named defendant. *See e.g.*, *Army and Air Force Exchange Service v. Sheehan*, 456 U.S. 728, 733-34 (1982) (holding that Army and Air Force Exchange Service is an arm of the United States and is thus entitled to sovereign immunity from suit unless Congress has consented to suit).[3]

---

[2]*See also*, *Block v. North Dakota ex rel. Bd. of University and School Lands*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress"); *Balser v. Department of Justice, Office of U.S. Trustee*, 327 F.3d 903, 907 (9th Cir. 2003) *cert. denied*, 541 U.S. 1041 (2004) ("In sovereign immunity analysis, any lawsuit against an agency of the United States or against an officer of the United States in his or her official capacity is considered an action against the United States.").

[3]Brazos also relies on *United States v. Rural Electric Convenience Coop.*,768 F. Supp. 256 (C.D. Ill. 1991), in support of its argument that sovereign immunity is not at issue in this case. In *Rural Electric*, the REA had filed suit in federal district court seeking a preliminary injunction to

Brazos has failed to identify a statute that waives RUS's sovereign immunity in this case. General jurisdictional statutes such as 28 U.S.C. § 1331 do not waive the Government's sovereign immunity. *Humphreys v. United States*, 62 F.3d 667, 673 (5th Cir. 1995). Nor does the declaratory judgment statute, 28 U.S.C. § 2201, confer jurisdiction on a federal court where none otherwise exists. *Anderson v. United States*, 229 F.2d 675, 677 (5th Cir. 1956). Because Brazos has failed to identify a statute that shows that the United States has consented to this lawsuit, RUS is entitled to sovereign immunity from this lawsuit. *See Cajun Elec. Power Coop. v. Gulf States Util. Co., Inc.*, 132 F.R.D. 42, 45-47 (M.D. La. 1990) (holding that the REA was entitled to sovereign immunity and immunity was not waived under 28 U.S.C. § 2410).

**B.      Did RUS consent to this Court's jurisdiction?**

Brazos next argues that RUS waived its sovereign immunity by its judicial admission that this Court has jurisdiction over RUS. This argument is also unavailing, as Brazos is confusing *federal* sovereign immunity with *state* sovereign immunity. State sovereign immunity, often referred to as Eleventh Amendment immunity, is not a true limitation upon the court's subject matter

---

enjoin state court declaratory judgment proceedings involving two rural electric cooperatives to which it had loaned money. The REA argued that because the state court action implicated federal interests, the district court should enjoin the state proceeding in favor of a parallel federal proceedings that the REA had initiated. The district court denied the request for an injunction, but the Seventh Circuit reversed and remanded the case back to the district court to determine whether sovereign immunity precluded the REA's *intervention* in the state court suit. *Rural Electric*, 922 F.2d at 434. On remand, the district court held that "sovereign immunity did not preclude the United States' intervention in the state court suit." *Rural Electric*, 768 F. Supp. at 261. Brazos' reliance on this case is misplaced. In that case the REA was not a defendant in the lawsuit (as it is here), but rather it was a plaintiff/intervenor. Because the REA was not a named defendant, the district court had to apply *Dugan* in order to determine whether the REA was the real party at interest. *Id.* at 258. As explained above, this analysis is unnecessary hrre, given that the RUS is a named defendant.

jurisdiction.  Rather, it "is a personal privilege which [a state] may waive at pleasure." *Clark v. Barnard*, 108 U.S. 436, 447 (1883).  As the Supreme Court has explained:

> The Eleventh Amendment . . . does not automatically destroy original jurisdiction. Rather, the Eleventh Amendment grants the State a legal power to assert a sovereign immunity defense should it choose to do so. The State can waive the defense. Nor need a court raise the defect on its own.  Unless the State raises the matter, a court can ignore it.

*Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 389 (1998).  Thus, a  "a State may waive its sovereign immunity by consenting to suit." *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999).  A State may consent to a federal court's jurisdiction either by voluntarily invoking the federal court's jurisdiction, or by making a "clear declaration" that it intends to submit itself to the federal court's jurisdiction. *Id.*; *see also, Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002) ("This Court has established the general principle that a State's voluntary appearance in federal court amounts to a waiver of its Eleventh Amendment immunity").

In contrast to the states' Eleventh Amendment immunity, "[s]overeign immunity of the United States is an issue of subject matter jurisdiction and, thus, may be raised at any time." *United States v. Land, Shelby County,* 45 F.3d 397, 398 at n. 2 (11th Cir. 1995). *See also*, *Koehler v. United States*, 153 F.3d 263, 267 (5th Cir. 1998) ("At its core, sovereign immunity deprives the courts of jurisdiction irrespective of the merits of the underlying claim.").  "As is true of any subject matter jurisdiction defect, the government's lack of consent [to suit] is a defect that may be asserted at any time, either by one of the parties to the litigation or by the court on its own motion." 14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3654 (3d ed. 2013).  In addition, "no action of the parties can confer subject-matter jurisdiction

upon a federal court." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).  Thus, unlike Eleventh Amendment immunity, "a party does not waive the requirement [of subject matter jurisdiction] by failing to challenge jurisdiction early in the proceedings."  *Id.*  As the Supreme Court has explained:

> Objections to subject-matter jurisdiction, however, may be raised at any time.  Thus, a party, after losing at trial, may move to dismiss the case because the trial court lacked subject-matter jurisdiction. Indeed, a party may raise such an objection even if the party had previously acknowledged the trial court's jurisdiction.  And if the trial court lacked jurisdiction, many months of work on the part of the attorneys and the court may be wasted.

*Henderson v. Shinseki*, —U.S.— ,131 S.Ct. 1197, 1202 (2011) (citations omitted).

As a result, Brazos' argument that RUS waived its sovereign immunity by failing to assert it earlier in the case is groundless.  *See Land,* 45 F.3d at 398 at n. 2 (finding that government did not waive sovereign immunity argument by failing to raise it until on appeal); *Bank One, Texas, N.A. v. Taylor*, 970 F.2d 16, 34 (5th Cir. 1992) (rejecting plaintiff's argument that defendant waived sovereign immunity by waiting until post-judgment motion to assert), *cert. denied*, 508 U.S. 906 (1993).  As stated above, only Congress can waive sovereign immunity.  Because Brazos has failed to identify a federal statute that shows that RUS has consented to this lawsuit, RUS is protected from suit by its sovereign immunity.  Accordingly, RUS's Motion to Dismiss for Lack of Subject Matter Jurisdiction should be granted.  Because the Court does not have subject matter jurisdiction over this lawsuit, the Court will not address RUS's alternative misjoinder argument.

## IV.  RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Rural Utilities Service's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. No. 38) and **DISMISS** Defendant Rural Utilities Service from this lawsuit.

# V.  WARNINGS

The parties may file objections to this Report and Recommendation.   A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of April, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE